**MS-4088**
**GG-2087**
**COLE, SCHOTZ, MEISEL,**
**FORMAN & LEONARD, P.A.**
A Professional Corporation
Court Plaza North
25 Main Street
P.O. Box 800
Hackensack, New Jersey 07602-0800
(201) 489-3000
(201) 489-1536 Telecopier
Proposed Attorneys for Marcal Paper Mills, Inc.,
Debtor-in-Possession

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEW JERSEY
CASE NO. 06-21886 (MS)
HONORABLE MORRIS STERN

| In re: | Chapter 11 |
|---|---|
| MARCAL PAPER MILLS, INC., | **MEMORANDUM IN FURTHER SUPPORT OF DEBTOR'S MOTION FOR AN ORDER (A) AUTHORIZING THE DEBTOR'S INTERIM AND FINAL USE OF CASH COLLATERAL PURSUANT TO 11 U.S.C. § 361 AND 363 AND GRANTING ADEQUATE PROTECTION AND (B) SCHEDULING FINAL HEARING PURSUANT TO 11 U.S.C. § 363(c)(2) AND FED.R.BANKR.P. 4001** |
| Debtor-in-Possession. | |

**HEARING DATE: DECEMBER 4, 2006, AT 3:00 P.M.**

**ORAL ARGUMENT REQUESTED**

TO:   Honorable Morris Stern
        United States Bankruptcy Judge

39517/0001-1457798v1

Marcal Paper Mills, Inc. the within debtor and debtor-in-possession (the "Debtor"), by and through its proposed attorneys, Cole, Schotz, Meisel, Forman & Leonard, P.A., in further support of its motion for an Order (A) authorizing the Debtor's interim and, ultimately, final use of the cash collateral of Wachovia Bank, National Association ("Wachovia") as an individual lender and as Administrative Agent for Ableco Finance LLC (the "Primary Secured Lenders") and NexBank, SSB ("NexBank" or the "Subordinated Secured Lender," who, together with the Primary Secured Lenders are collectively referred to as the "Lenders"), and (B) scheduling a final hearing on the Debtor's application for use of cash collateral pursuant to 11 U.S.C. § 363(c)(2) and Federal Rule of Bankruptcy Procedure 4001 (the "Motion"), states as follows:

1. The Verified Application in support of the Motion (the "Verified Application")[1] includes, among other things, a copy of an appraisal of the Debtor's intangibles performed by Corporate Valuation Advisors, Inc. ("CVA"), dated September 19, 2001 (the "2001 Appraisal"). The 2001 Appraisal appraised the fair market value of the Debtor's intangibles as $27,800,000.00. (*See* Verified Application at **Exhibit P.**)

2. Annexed hereto as **Exhibit A** is a copy of a more recent appraisal of the Debtor's intangibles by CVA, which is dated February 1, 2005 (the "2005 Appraisal"). The 2005 Appraisal appraised the fair market value of the Debtor's intangibles as $32,600,000.00.

3. As a result of this increased value attributed to the Debtor's intangibles, the "equity cushion" in the Debtor's assets should be calculated as follows:

---

[1] Unless otherwise noted, the capitalized, defined terms herein shall have the same definitions ascribed to them in the Verified Application.

|  |  |  |
|---|---|---|
| Total Net Working Capital Assets | $ | 43,940,000 |
| Tangible Personal Property | | 75,500,000 |
| Real Property – Chicago | | 630,000 |
| Real Property – Elmwood Park | | 14,400,000 |
| Intangibles | $ | 32,600,000 |
| **Total Fair Market Value of Assets** | **$** | **167,070,000** |

Less Bank Debt (as of October 31, 2006):
    Primary Secured Lenders

|  |  |  |  |
|---|---|---|---|
| Revolver | 19,389,000 | | |
| Term A | 32,500,000 | | |
| Term B | 15,000,000 | | |
|  |  | $ | 66,889,000 |
| Subordinated Secured Lenders | | | 50,768,000 |
| **Total Secured Debt** | | **$** | **117,657,000** |
| **Equity Cushion** | | **$** | **49,413,000** |

4.    Based on the foregoing, the Total Fair Market Value of Assets exceeds the Total Secured Indebtedness by $49.413 million, resulting in an equity cushion as to all Lenders of 41.9%. Upon information and belief, however, NexBank will consent to the Debtor's use of cash collateral on an interim basis as set forth in the Verified Application. Therefore, the "equity cushion" being provided to Wachovia (i.e., the only party objecting to the Motion) is actually 149.7%.[2] Accordingly, because Wachovia's interest is more than adequately protected, its

---

[2] As the Third Circuit has held, "[j]unior liens are disregarded for `equity cushion' analysis because the secured creditor is entitled to adequate protection only as to its claim; it may not claim protection for others.'" In re Indian Palms Associates, Ltd., 61 F.3d 197, 207 (3d Cir. 1995). Accordingly, for purposes of determining the amount of Wachovia's "equity cushion," the amount of NexBank's debt should be excluded.

objection should be rejected and the Court should grant the Debtor use of cash collateral on an interim basis.

WHEREFORE, the Debtor respectfully requests entry of the accompanying Order: (a) authorizing the Debtor's interim use of cash collateral in accordance with the Budget and scheduling a final hearing for the Debtor's motion for further use of cash collateral; and (b) granting such other and further relief as the Court deems just and proper.

> Respectfully submitted,
>
> COLE, SCHOTZ, MEISEL,
> FORMAN & LEONARD, P.A.
> Proposed Attorneys for Marcal Paper Mills, Inc., Debtor-in-Possession
>
> By: */s/ Michael D. Sirota*
>     Michael D. Sirota
>     Gerald H. Gline

DATED: December 4, 2006