UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

**Caption in Compliance with D.N.J. LBR 9004-2(c)**
MS-4088
GG-2087
COLE, SCHOTZ, MEISEL,
FORMAN & LEONARD, P.A.
A Professional Corporation
Court Plaza North
25 Main Street
P.O. Box 800
Hackensack, NJ 07602-0800
(201) 489-3000
(201) 489-1536 Facsimile
Proposed Attorneys for Marcal Paper Mills,
Inc.., Debtor-in-Possession

In re:

MARCAL PAPER MILLS, INC.,

                        Debtor-in-Possession.



Case Nos. 06-21886

Judge:  Morris Stern

Chapter 11

Hearing Date:  December 4, 2006 at 3:00 p.m.

## INTERIM ORDER AUTHORIZING THE DEBTOR'S USE OF CASH COLLATERAL PURSUANT TO 11 U.S.C. § 363(c)(2) AND FED.R.BANKR.P. 4001 AND SCHEDULING FINAL HEARING DATE

The relief set forth on the following pages, numbered two (2) through nine (9), is hereby
**ORDERED**.

(Page 2)
Debtor:                    MARCAL PAPER MILLS, INC.
Case No.                   06- 21886
Caption of Order:          INTERIM ORDER AUTHORIZING THE DEBTOR'S USE OF CASH
                           COLLATERAL PURSUANT TO 11 U.S.C. § 363(c)(2) AND
                           FED.R.BANKR.P. 4001 AND SCHEDULING  FINAL HEARING
                           DATE

THIS MATTER having been opened to the Court by Marcal Paper Mills, Inc., the within

debtor and debtor-in-possession (the "Debtor"), by and through its proposed attorneys, Cole,

Schotz, Meisel, Forman & Leonard, P.A., for authority to use the cash collateral of the Lenders

(as defined in the Verified Application submitted in support of the Debtor's motion)[1] on an

interim basis pursuant to Federal Rule of Bankruptcy Procedure 4001(b) and 11 U.S.C.

§363(c)(2) (the "Motion"); and it appearing that notice of the Motion, together with notice of the

preliminary hearing thereon, has been given and served by the Debtor on:  (1) the Office of the

United States Trustee, (2) the Debtor's alleged secured creditors, and (3) the twenty (20) largest

unsecured creditors of the Debtor, as reflected in the lists submitted pursuant to Fed. R. Bankr. P.

1007(d); and the Court having considered the Debtor's Verified Application in Support of

Interim Use of Cash Collateral (the "Application"); and after due deliberation and with good and

sufficient cause appearing for the entry of the within order, it is hereby found:

A.      **Notice and Hearing**.  Notice of the Motion and of the preliminary hearing on the

Debtor's use of cash collateral has been served in accordance with Section 102(1) of the

Bankruptcy Code and Federal Rule of Bankruptcy Procedure 4001(b), which notice is

appropriate in the particular circumstances and sufficient for all purposes under the Bankruptcy

---

[1] Capitalized terms not otherwise defined in this Order shall have the meaning ascribed in
the Verified Application.

(Page 3)
Debtor:                 MARCAL PAPER MILLS, INC.
Case No.                06- 21886
Caption of Order:       INTERIM ORDER AUTHORIZING THE DEBTOR'S USE OF CASH
                        COLLATERAL PURSUANT TO 11 U.S.C. § 363(c)(2) AND
                        FED.R.BANKR.P. 4001 AND SCHEDULING  FINAL HEARING
                        DATE

Code and the applicable Federal and Local Rules of Bankruptcy Procedure with respect to the

relief requested.

B.    **Chapter 11 Filed**.  The Debtor filed its petition under Chapter 11 of the

Bankruptcy Code on November 30, 2006 (the "Petition Date"), and is presently operating as

debtor-in-possession pursuant to 11 U.S.C. §§1107 and 1108.

C.    **Pre-Petition Debt**.  The Lenders assert claims in the principal amount of

approximately $118,000,000.00 (the "Pre-Petition Debt") as of the Petition Date, secured by

liens on substantially all the assets of the Debtor.  The Primary Secured Lenders assert

approximately $68 million in principal amount of claims.  The Subordinated Secured Lenders

assert approximately $50 million in principal amount of claims.  The Lenders assert claims for

interest, fees and expenses and all other amounts due under their respective credit documents.

D.    **Pre-Petition Collateral**.  It appears that the Lenders may have, subject to making

a *prima facie* showing, properly perfected liens on certain of the assets of the Debtor at the

commencement of this case, including the Debtor's accounts receivable, inventory and other

collateral which is or may result in cash collateral.

E.    **Cash Collateral**.  "Cash Collateral" as defined by 11 U.S.C. §363(a) includes

post-petition proceeds, products, offspring, rents, or profits of property and the fees, charges,

accounts or other payments for the use or occupancy of rooms and other public facilities in

hotels, motels, or other lodging properties subject to a security interest as provided in Section

(Page 4)
Debtor:                    MARCAL PAPER MILLS, INC.
Case No.                   06- 21886
Caption of Order:          INTERIM ORDER AUTHORIZING THE DEBTOR'S USE OF CASH
                           COLLATERAL PURSUANT TO 11 U.S.C. § 363(c)(2) AND
                           FED.R.BANKR.P. 4001 AND SCHEDULING  FINAL HEARING
                           DATE

552(b) and as the term "proceeds" is described in subject to a security interest as provided in 11

U.S.C. §522(b) and as the term "proceeds" is described in UCC Section 9-306.

F.    **Necessity and Best Interest**.  The Debtor does not have sufficient unencumbered

cash or other assets with which to continue to operate its business in Chapter 11.  The Debtor

requires immediate authority to use cash collateral as defined herein to continue its business

operations without interruption toward the objective of formulating an effective plan of

reorganization.  On an interim basis the Debtor's use of cash collateral to the extent and on the

terms and conditions set forth herein is necessary to avoid immediate and irreparable harm to the

estate pending a final hearing.  The amount of the Lenders' cash collateral authorized to be used

pending a final hearing or entry of a final Order is not to exceed the amounts reflected under the

heading "Operating Cash Disbursements" and "Restructuring Fee" in the Debtor's 13 Week

Summary Cash Flow attached to the Application as Exhibit A, for the time period from the

Petition Date through and including December 22, 2006 (the "Cash Collateral Budget").

G.    **Purposes**.  The Debtor must be authorized to use the cash collateral of the

Lenders to meet its ordinary cash needs (and for such other purposes as may be specifically

approved in writing by the Lenders) for the payment of actual expenses of the Debtor necessary

to:  (a) maintain and preserve its assets, and (b) continue operation of its business, including

payroll and payroll taxes, and insurance expenses as reflected in the Cash Collateral Budget

through the date of the Final Hearing.

(Page 5)
Debtor:             MARCAL PAPER MILLS, INC.
Case No.            06- 21886
Caption of Order:   INTERIM ORDER AUTHORIZING THE DEBTOR'S USE OF CASH
                    COLLATERAL PURSUANT TO 11 U.S.C. § 363(c)(2) AND
                    FED.R.BANKR.P. 4001 AND SCHEDULING  FINAL HEARING
                    DATE

AND the Court having determined there is a reasonable likelihood that the Debtor will

prevail upon the merits at the final hearing of the motion as required by 11 U.S.C. §363(c)(3);

and for good cause shown,

IT IS ORDERED on an interim basis as follows:                    *As defined in 11 U.S.C. §
                                                                  363 (a) ("Cash Collateral")*

1.    **Use of Cash Collateral**.  The Debtor is authorized to use the cash collateral of

the Lenders in accordance with the Cash Collateral Budget up to the aggregate amount of

$ *15,259,000.00* through and including *December 22* 2006, for the following purposes:

*beginning on November 30, 2006*

(a)    maintenance and preservation of its assets; and

(b)    the continued operation of its business, including but not limited to

payroll, payroll taxes, employee expenses, and insurance costs.

2.    **Adequate Protection.**  As adequate protection for use of cash collateral, the

Lenders are GRANTED:

(a)    A replacement perfected security interest under 11 U.S.C. §361(2): (i)

*as defined in 11 U.S.C. § 363(a)*

only to the extent the Cash Collateral of the Lenders is used by the Debtor and such use results in

a diminution of their interest in Cash Collateral such that the Lenders are placed in an

undersecured position; (ii) only to the extent such pre-petition liens are valid; and (iii) with the

same priority in the post-petition collateral and proceeds thereof of the Debtor that each of the

Lenders held in the pre-petition collateral, and (iii) a priority claim pursuant to 11 U.S.C. §

(Page 6)
Debtor:               MARCAL PAPER MILLS, INC.
Case No.              06- 21886
Caption of Order:     INTERIM ORDER AUTHORIZING THE DEBTOR'S USE OF CASH
                      COLLATERAL PURSUANT TO 11 U.S.C. § 363(c)(2) AND
                      FED.R.BANKR.P. 4001 AND SCHEDULING  FINAL HEARING
                      DATE

507(b) ~~limited to the extent of the diminution of the Lenders' interest in cash collateral such that~~

~~the Lenders are placed in an undersecured position.~~

(b)     The replacement lien and security interest granted herein is automatically

deemed perfected upon entry of this Order without the necessity of the Lenders taking possession

of its collateral or filing financing statements, mortgages or other documents.

(c)     Nothing herein shall constitute a finding that the Lenders have a valid lien

on the cash collateral or any of the other assets of the Debtor.  The Debtor reserves all its rights

concerning the validity, extent, and priority of any of the alleged liens of the Lenders.  In the

event the Lenders' alleged lien on Cash Collateral is determined to be invalid, then the adequate

protection provided hereunder to the Lenders shall be null and void.

(d)     During the term of this Interim Order, the Debtors shall provide the

Lenders, by the close of the business of the following day, daily cash flow reports showing cash

receipts and disbursements made by the Debtor.  Within two business days of the week ended,

weekly cash flow reports shall also be provided to the Lenders and the United States Trustee, by

the close of business of the following day.  ✳ Upon appointment of an official committee of

unsecured creditors ("Committee"), the Debtor shall provide the Committee or its Chairman,

until the Committee selects counsel and financial advisors, with the same daily cash flow reports

delivered to the Lenders.  The Debtor shall also provide by the 20th day of each month, periodic

accountings to the Lenders setting forth the cash receipts and disbursements made by the Debtor

✳ In addition,
The Debtor shall circulate a weekly actual to Budget comparison on a line by line basis on each Cash Collateral within seventy-two hours of the close of week in question. budgetary items

39517/0001-2326621v4

(Page 7)
Debtor:              MARCAL PAPER MILLS, INC.
Case No.             06- 21886
Caption of Order:    INTERIM ORDER AUTHORIZING THE DEBTOR'S USE OF CASH
                     COLLATERAL PURSUANT TO 11 U.S.C. § 363(c)(2) AND
                     FED.R.BANKR.P. 4001 AND SCHEDULING FINAL HEARING
                     DATE

during the preceding month under this Order.  In addition, the Debtor shall provide the Lenders

with copies of their monthly United States Trustee operating reports.  Upon appointment of an

official committee of unsecured creditors ("Committee"), the Debtor shall submit a copy of the

monthly operating reports to counsel to the Committee (if counsel has been appointed), and until

counsel is retained, to the Chairman of said Committee.  In addition, during the term of this

Interim Order, upon reasonable notice by the Lenders, the Debtors shall permit the Lenders and

any of their financial advisors reasonable and free access to the Debtor's financial advisors and,

upon agreement with the Company, access to the Debtor's operating, management and financial

personnel, to review the Debtor's cash flows, operating and financial performance, the Debtor's

budgets, forecasts, projections and documents related thereto, including, without limitation, to

review matters related to the existence, condition, location and amount of the Lenders' collateral.

*(e) No assets shall be sold outside ordinary course of business without order of the Court.*

3.    **Creditor's Rights of Inspection and Audit**.  Upon reasonable notice by the

Lenders, the Debtor shall permit the Lenders and any of their agents reasonable and free access

to the Debtor's records and place of business during normal business hours to verify the

existence, condition and location of collateral in which the Lenders hold a security interest and to

audit the Debtor's cash receipts and disbursements.

*No payments to or for the benefit of insiders or other family members of the principals of the Debtor shall be made other than salary and leases in the ordinary course of business*

4.    **Interlocutory Order and No Modification of Creditor's Adequate Protection**.

This is an interlocutory order.  Nothing contained herein shall be deemed or construed to:  (a)

limit the Lenders to the relief granted herein; (b) bar the Lenders from seeking other and further

*⊛ Any dispute relating to cooperation with the Lenders consultants, access to books and record or Debtor's personnel or information, or failure to provide required financial reports or information, may be addressed through a telephonic conference with the Court.*

(Page 8)
Debtor:              MARCAL PAPER MILLS, INC.
Case No.             06- 21886
Caption of Order:    INTERIM ORDER AUTHORIZING THE DEBTOR'S USE OF CASH
                     COLLATERAL PURSUANT TO 11 U.S.C. § 363(c)(2) AND
                     FED.R.BANKR.P. 4001 AND SCHEDULING  FINAL HEARING
                     DATE

relief (including without limitation relief from the terms of this Order) for cause shown on

appropriate notice from the Debtor and other parties-in-interest entitled to notice of same; or (c)

require the Lenders to make any loans or advances to the Debtor.  The Order may be modified

for cause shown by the Debtor, the Lenders or any other party-in-interest on due notice.  No such

modification, however, shall deprive the Lenders of their interest in the property (pre-petition

and post-petition) of the Debtor to the extent valid.

     5.    **Lockbox Accounts.**  The Debtor maintains a lockbox account for the benefit of

the Primary Lenders.  In order to avoid any delay in the Debtor's access to cash collateral and

notwithstanding anything to the contrary in any lockbox account agreement to which Wachovia

is a party, Wachovia is hereby precluded from sending any Debtor funds to the Primary Lenders.

Rather, Wachovia shall transfer all funds collected in the lockbox accounts, as such funds

become available, to the operating accounts at Bank of America bearing account number

381000337489 maintained by the Debtor to which such funds belong.

     6.    **Default Hearing.**  In the event the Debtor defaults under or violates this Order,

the Lenders may request a hearing within ten (10) days (or if immediate and irreparable injury,

loss or damage may occur, an emergency hearing within forty-eight (48) hours).  For purposes of

this Order, however, the Debtor shall not be deemed to be in default for any deviation from the

seven and a half (7.5%)
Cash Collateral Budget provided such deviation is not more than ~~ten (10%)~~ percent of the

(Page 9)
Debtor:                MARCAL PAPER MILLS, INC.
Case No.               06- 21886
Caption of Order:      INTERIM ORDER AUTHORIZING THE DEBTOR'S USE OF CASH
                       COLLATERAL PURSUANT TO 11 U.S.C. § 363(c)(2) AND
                       FED.R.BANKR.P. 4001 AND SCHEDULING FINAL HEARING
                       DATE

budgeted disbursements, either on a cumulative basis or with regard to any specific budgeted line

item. *7. Nothing herein shall prejudice Lenders' rights to seek additional adequate protection retroactive to the Petition Date.*

### FINAL HEARING

IT IS FURTHER ORDERED, AND NOTICE IS HEREBY GIVEN that any creditor or

other interested party having any objection to the Debtor's use of the Lenders' cash collateral

shall file with the Clerk of this Court and serve upon counsel for the Debtor, counsel to the

Lenders and the Office of the United States Trustee by or before 1:00 p.m. on the 20th day

of Dec., 2006, a written objection and shall appear to advocate said objection at a

Final Hearing to be held at 10:00 a.m. on the 22nd day of December, 2006 in Courtroom

3A of the United States Bankruptcy Court, Martin Luther King, Jr. Federal Building, 50

Walnut Street, Newark, New Jersey. If no objections are filed and advocated at such hearing,

then this Order shall continue in full force and effect and shall be deemed a Final Order without

further notice or hearing in accordance with Fed. R. Bankr. P. 4001(d)(3).

### NOTICE

IT IS FURTHER ORDERED that the Debtor serves a copy of this Order and Notice by

first class mail, within 3 business days from the date hereof, on: (a) the Office of the

United States Trustee; (b) the Lenders, all other known secured creditors and their respective

counsel, if known; and (c) counsel to any Committee appointed under 11 U.S.C. §1102 if one has

been appointed and, if not, to each of the Debtor's twenty (20) largest unsecured creditors set

(Page 10)
Debtor:              MARCAL PAPER MILLS, INC.
Case No.             06- 21886
Caption of Order:    INTERIM ORDER AUTHORIZING THE DEBTOR'S USE OF CASH
                     COLLATERAL PURSUANT TO 11 U.S.C. § 363(c)(2) AND
                     FED.R.BANKR.P. 4001 AND SCHEDULING  FINAL HEARING
                     DATE

forth on the lists filed pursuant to Fed. R. Bankr. P. 1007(d).  The Debtor shall thereafter file

with the Clerk a Certificate of Service of said mailing.