UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

Caption in Compliance with D.N.J. LBR 9004-2(c)
COLE, SCHOTZ, MEISEL,
FORMAN & LEONARD, P.A.
A Professional Corporation
Court Plaza North
25 Main Street
P.O. Box 800
Hackensack, NJ 07602-0800
(201) 489-3000
(201) 489-1536 Facsimile
Michael D. Sirota, Esq.
David M. Bass, Esq.
Attorneys for Marcal Paper Mills, Inc., Debtor-in-Possession

In re:

MARCAL PAPER MILLS, INC.,

                        Debtor-in-Possession.



Case No. 06- 21886 (MS)

Judge: Morris Stern

Chapter 11

Hearing Dates:  January 15, 2008, January 16, 2008, January 18, 2008

### ORDER PURSUANT TO SECTIONS 105, 363 AND 365 OF THE BANKRUPTCY CODE AUTHORIZING (I) SALE OF CERTAIN ASSETS OF THE DEBTOR FREE AND CLEAR OF ALL LIENS, CLAIMS AND ENCUMBRANCES PURSUANT TO A PURCHASE AGREEMENT AND (II) APPROVING THE PURCHASE AGREEMENT

The relief set forth on the following pages, numbered two (2) through thirty-seven (37), is hereby **ORDERED**.

1/29/08

39517/0001-2373514v9

(Page 2)
Debtor:            MARCAL PAPER MILLS, INC.
Case No:           06-21886 (MS)
Caption of Order:  ORDER PURSUANT TO SECTIONS 105, 363 AND 365 OF THE
                   BANKRUPTCY CODE AUTHORIZING (I) SALE OF CERTAIN
                   ASSETS OF THE DEBTOR FREE AND CLEAR OF ALL LIENS,
                   CLAIMS AND ENCUMBRANCES PURSUANT TO A PURCHASE
                   AGREEMENT AND (II) APPROVING THE PURCHASE
                   AGREEMENT

---

THIS MATTER having been opened to the Court by Cole, Schotz, Meisel, Forman &

Leonard, P.A., attorneys for Marcal Paper Mills, Inc., the within debtor and debtor-in-possession

(the "Debtor") Motion for an Order Pursuant to 11 U.S.C. §§ 363 and 365 and Fed. R. Bankr. P.

6004 and 6006: (1) Approving Form of "Stalking Horse" Asset Purchase Agreement (the

"APA") with NexBank, SSB as Agent Under the Second Lien Loan Agreement Pursuant to

Which NexBank, SSB Shall Cause to be Created a Newly Formed Delaware Limited Liability

Company Organized Under the Laws of the State of Delaware ("Buyer"), as Purchaser for the

Sale of Substantially All of the Debtor's Assets Free and Clear of Interests, Claims,

Encumbrances and Liens; (2) Approving Bidding Procedures and Form, Manner and Sufficiency

of Notice; (3) Scheduling (a) Bid Deadline (b) Auction Date and (b) a Hearing to Consider

Approving the Highest and Best Offer; (4) Approving Procedures to Fix Cure Amounts Related

to Assumption and Assignment of Certain Executory Contracts and Unexpired Leases and

Approving Notice Thereof; (5) Authorizing the Debtor to Sell Substantially All of Its Assets and

to Assume and Assign Certain Related Executory Contracts and Unexpired Leases; and (6)

Granting Related Relief (the "Motion") [Docket No. 1357];[1] and the Court having granted the

---

[1]Capitalized terms not defined herein shall have the meaning ascribed to them in the
Motion or APA, as applicable. The term "APA" shall mean the Asset Purchase Agreement,
dated as of November 5, 2007, by and among the Debtor and the Proposed Purchaser, a copy of
which was attached to the Motion, as amended and restated pursuant to that certain Amended
(continued...)

39517/0001-2373514v9

(Page 3)
Debtor:              MARCAL PAPER MILLS, INC.
Case No:             06-21886 (MS)
Caption of Order:    ORDER PURSUANT TO SECTIONS 105, 363 AND 365 OF THE
                     BANKRUPTCY CODE AUTHORIZING (I) SALE OF CERTAIN
                     ASSETS OF THE DEBTOR FREE AND CLEAR OF ALL LIENS,
                     CLAIMS AND ENCUMBRANCES PURSUANT TO A PURCHASE
                     AGREEMENT AND (II) APPROVING THE PURCHASE
                     AGREEMENT

---

relief requested in Part I of the Motion pursuant to that Order Pursuant to Sections 105, 363, and

365 of the Bankruptcy Code and Rules 2002, 6004, 6006 and 9014 of the Federal Rules of

Bankruptcy Procedure (I) Approving Bidding Procedures; (II) Scheduling Bid Deadline, Auction

Date, and Sale Hearing and Approving Notice Thereof; and (III) Approving Procedures to Fix

Cure Amounts Related to Assumption and Assignment of Certain Executory Contracts and

Unexpired Leases and Approving Notice Thereof, dated November 19, 2007 (the "Procedures

Order"); and the Debtor having not received any Competing Proposals and, in accordance with

the Procedures Order, the Debtor having dispensed with the need to conduct the Auction; and it

appearing that Buyer's bid represents the highest or otherwise best offer received by the Debtor

for the Assets to be sold; and the Court having considered the relief requested in Part II of the

Motion, the opposition to Part II of the Motion filed by: (a) the Committee [Docket No. 1520];

(b) U.S. Bank National Association, in its capacity as Indenture Trustee [Docket No. 1522]; (c)

---

(...continued)
and Restated Asset Purchase Agreement as of November 19, 2007, a copy of which, together
with any amendments and schedules thereto, is attached hereto as **Exhibit A**, which APA shall
be further amended consistent with this Order to reflect the settlement reached between and
among the Buyer and the Official Committee of Unsecured Creditors (the "Committee") at the
Sale Hearing consistent with the terms announced on the record (the "Committee Settlement").
The term "Assets" as used herein shall have the same meaning as the term "Transferred Assets"
as defined in the APA.  The term "Buyer" shall mean Marcal Paper Mills Inc., LLC, a Delaware
limited liability company.

*See also the Order entered on January 22, 2008 denying without prejudice debtor's application
to exempt the sale of debtor's property from transfer taxes pursuant to 11 U.S.C. § 1146(a); said
Order is in lieu of APA Section 7.4.2.(viii).



(Page 3)

| | |
|---|---|
| Debtor: | MARCAL PAPER MILLS, INC. |
| Case No: | 06-21886 (MS) |
| Caption of Order: | ORDER PURSUANT TO SECTIONS 105, 363 AND 365 OF THE BANKRUPTCY CODE AUTHORIZING (I) SALE OF CERTAIN ASSETS OF THE DEBTOR FREE AND CLEAR OF ALL LIENS, CLAIMS AND ENCUMBRANCES PURSUANT TO A PURCHASE AGREEMENT AND (II) APPROVING THE PURCHASE AGREEMENT |

---

relief requested in Part I of the Motion pursuant to that Order Pursuant to Sections 105, 363, and

365 of the Bankruptcy Code and Rules 2002, 6004, 6006 and 9014 of the Federal Rules of

Bankruptcy Procedure (I) Approving Bidding Procedures; (II) Scheduling Bid Deadline, Auction

Date, and Sale Hearing and Approving Notice Thereof; and (III) Approving Procedures to Fix

Cure Amounts Related to Assumption and Assignment of Certain Executory Contracts and

Unexpired Leases and Approving Notice Thereof, dated November 19, 2007 (the "Procedures

Order"); and the Debtor having not received any Competing Proposals and, in accordance with

the Procedures Order, the Debtor having dispensed with the need to conduct the Auction; and it

appearing that Buyer's bid represents the highest or otherwise best offer received by the Debtor

for the Assets to be sold; and the Court having considered the relief requested in Part II of the

Motion, the opposition to Part II of the Motion filed by: (a) the Committee [Docket No. 1520];

(b) U.S. Bank National Association, in its capacity as Indenture Trustee [Docket No. 1522]; (c)

---

(...continued)
and Restated Asset Purchase Agreement as of November 19, 2007, a copy of which, together
with any amendments and schedules thereto, is attached hereto as **Exhibit A**, which APA shall
be further amended consistent with this Order to reflect the settlement reached between and
among the Buyer and the Official Committee of Unsecured Creditors (the "Committee") at the ⚓
Sale Hearing consistent with the terms announced on the record (the "Committee Settlement").
The term "Assets" as used herein shall have the same meaning as the term "Transferred Assets"
as defined in the APA. The term "Buyer" shall mean Marcal Paper Mills Inc., LLC, a Delaware
limited liability company.

\*See also the Order entered on January 22, 2008 denying without prejudice debtor's application
to exempt the sale of debtor's property from transfer taxes pursuant to 11 U.S.C. § 1146(a); said
Order is in lieu of APA Section 7.4.2(viii).

39517/0001-2373514v9

(Page 4)
Debtor:              MARCAL PAPER MILLS, INC.
Case No:             06-21886 (MS)
Caption of Order:    ORDER PURSUANT TO SECTIONS 105, 363 AND 365 OF THE
                     BANKRUPTCY CODE AUTHORIZING (I) SALE OF CERTAIN
                     ASSETS OF THE DEBTOR FREE AND CLEAR OF ALL LIENS,
                     CLAIMS AND ENCUMBRANCES PURSUANT TO A PURCHASE
                     AGREEMENT AND (II) APPROVING THE PURCHASE
                     AGREEMENT

---

35 Market Street, L.P. ("35 Market"), owner of that certain non-residential real property located

at 35 Market Street, Elmwood Park, New Jersey (the "35 Market Property"), Green Acre

Woodlands, Inc. ("Green Acre"), owner of that certain non-residential real property located at

Slater Drive, Elmwood Park, New Jersey (the "Green Acre Property"), Robert L. Marcalus

("Robert Marcalus"), as the owner of certain non-residential real property located at 465

Boulevard, Elmwood Park, New Jersey (the "465 Boulevard Property"), the Robert L Marcalus

Revocable Intervivos Trust Agreement dated March 23, 2002 (the "RLM Trust"), as the owner

of certain non-residential real property located at South Claremont and West Western Avenues,

Chicago, Illinois (the "Chicago Property") (35 Market, Green Acre, Robert Marcalus and the

RLM Trust being referred to herein as, collectively, the "Insider Lessors"; the 35 Market

Property, the Green Acre Property, the 465 Boulevard Property and the Chicago Property

referred to herein as, collectively, the "Insider Properties"), and Nicholas R. Marcalus ("Nicholas

Marcalus"), individually and on behalf of the Marcalus family (collectively, the "Marcalus

Family," which term shall include Nicholas Marcalus) [Docket No. 1518]; (d) RPL Holdings,

Inc. [Docket No. 1517]; (e) Allan Rombough and Top Soil Depot Inc. [Docket No. 1521]; (f)

State of New Jersey, Department of Environmental Protection [Docket No. 1513]; and (g) the

United Steel, Paper and Forestry, Rubber, Manufacturing, Energy, Allied Industrial and Service

Workers International Union [Docket No. 1526] (collectively, the "Objections"), the Debtor's

(Page 5)
Debtor:                MARCAL PAPER MILLS, INC.
Case No:               06-21886 (MS)
Caption of Order:      ORDER PURSUANT TO SECTIONS 105, 363 AND 365 OF THE
                       BANKRUPTCY CODE AUTHORIZING (I) SALE OF CERTAIN
                       ASSETS OF THE DEBTOR FREE AND CLEAR OF ALL LIENS,
                       CLAIMS AND ENCUMBRANCES PURSUANT TO A PURCHASE
                       AGREEMENT AND (II) APPROVING THE PURCHASE
                       AGREEMENT

---

Omnibus Response to the Objections (the "Omnibus Response") [Docket No. 1567], and the

Affidavit of Robert C. Smith [Docket No. 1568], Affidavit of Mark S. Swift [Docket No. 1569],

Certification of Edward Knapick [Docket No. 1570], Certification of Fred Langer [Docket No.

1571], Affidavit of Bernard A. Katz [Docket Nos. 1572 and 1582], and Certification of William

Henrich [Docket No. 1573], each in support of the Motion, together with the various Responses

filed on behalf of NexBank, SSB ("NexBank") and the Buyer to each of the Objections (Docket

Nos. 1578, 1579, 1580, 1583 and 1585), together with the Affidavit of Patrick Connor in Support

of NexBank, SSB's Response to the Official Committee of Unsecured Creditors' Objection to

the Sale Motion, sworn to January 14, 2008 [Docket No. 1583, Attachment #1], and after the

deadline for objections set by the Court in the Procedures Order, ORIX Financial Corp.

("ORIX") having filed a Limited Objection (the "ORIX Limited Objection") dated January 14,

2008 [Docket No. 1592], which NexBank asserted was submitted untimely, which the Court has

also considered; and the Debtor and the various parties in interest having announced on the

record at the Sale Hearing that settlements were reached between the Buyer and certain of the

parties that submitted opposition to the Motion resolving the opposition of each such settling

party (collectively, the "Settlements"), including, the Committee Settlement, a settlement

between the Buyer and the Insider Lessors and the Marcalus Family (the "Insiders Settlement")

and an agreement between ORIX and NexBank as stated on the record for a mutual reservation

(Page 6)
Debtor:              MARCAL PAPER MILLS, INC.
Case No:             06-21886 (MS)
Caption of Order:    ORDER PURSUANT TO SECTIONS 105, 363 AND 365 OF THE
                     BANKRUPTCY CODE AUTHORIZING (I) SALE OF CERTAIN
                     ASSETS OF THE DEBTOR FREE AND CLEAR OF ALL LIENS,
                     CLAIMS AND ENCUMBRANCES PURSUANT TO A PURCHASE
                     AGREEMENT AND (II) APPROVING THE PURCHASE
                     AGREEMENT

---

of rights as to the issues identified by and rights asserted by ORIX in the ORIX Limited

Objection and the defenses asserted thereto by NexBank and the Lenders under the Second Lien

Loan Agreement; and the Court having further considered the arguments of counsel on the

Motion and testimony of witnesses at the Sale Hearing held on January 15, 2008, which was

continued on January 16 and 18, 2008; and the Court having found that (a) the Court has

jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, (b) this is a core proceeding

pursuant to 28 U.S.C. § 157(b), and (c) notice of the Motion and proposed form of order was

served on those parties required to receive notice pursuant to that certain Order Establishing Case

Management and Administrative Procedures, dated December 7, 2006 [Docket No. 77]; and the

Court having determined that the legal and factual bases set forth in the Motion and the Omnibus

Response establish just cause for the relief granted herein; and the Court having determined that

the relief sought in the Motion is in the best interests of the Debtor and its estate; and upon the

record of the Sale Hearing, including, without limitation, the reasons set forth by the Court in the

record as to why approval of the APA is in the best interests of the Debtor's estate; and after due

deliberation and sufficient cause appearing therefor;

(Page 7)
Debtor:              MARCAL PAPER MILLS, INC.
Case No:             06-21886 (MS)
Caption of Order:    ORDER PURSUANT TO SECTIONS 105, 363 AND 365 OF THE
                     BANKRUPTCY CODE AUTHORIZING (I) SALE OF CERTAIN
                     ASSETS OF THE DEBTOR FREE AND CLEAR OF ALL LIENS,
                     CLAIMS AND ENCUMBRANCES PURSUANT TO A PURCHASE
                     AGREEMENT AND (II) APPROVING THE PURCHASE
                     AGREEMENT

---

THE COURT HEREBY FINDS AND DETERMINES that:[2]

A.      The Court has jurisdiction over the Motion pursuant to 28 U.S.C. §§ 157 and

1334. This matter is a core proceeding pursuant to 28 U.S.C. 157(b)(2)(A), (N) and (O). Venue

of the Motion is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

B.      As evidenced by the certificates of service and affidavits of publication filed with

the Court and based on the representations of counsel at the Sale Hearing: (i) proper, timely,

adequate and sufficient notice of the Motion and the Sale Hearing has been provided in

accordance with sections 363 and 365 of the Bankruptcy Code and Bankruptcy Rules 2002,

6004, 6006, 9007 and 9014 and the Procedures Order: (ii) such notice was good, sufficient and

appropriate under the particular circumstances; and (iii) no other or further notice of the Motion,

the Sale Hearing or the entry of this Order shall be required.

C.      As demonstrated by (i) the testimony and/or other evidence proffered or adduced

at the Sale Hearing, (ii) the representations of counsel made on the record at the Sale Hearing,

and (iii) the record of this case and all prior proceedings in this case held before the Court, the

Debtor has marketed the Assets and conducted the sale process in compliance with the

Procedures Order.

---

[2] Findings of fact shall be construed as conclusions of law and conclusions of law shall be
construed as findings of fact when appropriate. See Fed. R. Bankr. P. 7052.

(Page 8)
Debtor:                MARCAL PAPER MILLS, INC.
Case No:               06-21886 (MS)
Caption of Order:      ORDER PURSUANT TO SECTIONS 105, 363 AND 365 OF THE
                       BANKRUPTCY CODE AUTHORIZING (I) SALE OF CERTAIN
                       ASSETS OF THE DEBTOR FREE AND CLEAR OF ALL LIENS,
                       CLAIMS AND ENCUMBRANCES PURSUANT TO A PURCHASE
                       AGREEMENT AND (II) APPROVING THE PURCHASE
                       AGREEMENT

---

D.      Buyer's bid for the purchase of the Assets, as memorialized in the APA, is the

highest or otherwise best offer received for the Assets to be sold. The purchase price to be paid

by Buyer pursuant to the APA is fair consideration and constitutes reasonably equivalent value

for the Assets.

E.      Buyer is a purchaser in good faith, as that term is used in section 363(m) of the

Bankruptcy Code, with respect to the Assets. The terms of the APA are fair and reasonable. The

APA was negotiated, proposed and entered into by the parties in good faith, from arms'-length

bargaining positions and without collusion and, therefore, Buyer is entitled to the protections of

section 363(m) of the Bankruptcy Code. Neither the Debtor nor Buyer nor NexBank or any of

their respective agents have engaged in any conduct that would cause or permit the APA to be

voided, or for the imposition of costs and damages, under section 363(n) of the Bankruptcy

Code.

F.      The Debtor has articulated sound business reasons for consummating the APA

and for selling the Assets outside a plan of reorganization, and it is a reasonable exercise of the

Debtor's business judgment to consummate the transactions contemplated by the APA.

G.      Subject to certain exceptions set forth herein, the Debtor may sell the Assets to

Buyer free and clear of all Liens and Claims (hereinafter defined collectively) in accordance

with, and to the extent permitted by, section 363(f) of the Bankruptcy Code and except as set

(Page 9)
Debtor:            MARCAL PAPER MILLS, INC.
Case No:           06-21886 (MS)
Caption of Order:  ORDER PURSUANT TO SECTIONS 105, 363 AND 365 OF THE
                   BANKRUPTCY CODE AUTHORIZING (I) SALE OF CERTAIN
                   ASSETS OF THE DEBTOR FREE AND CLEAR OF ALL LIENS,
                   CLAIMS AND ENCUMBRANCES PURSUANT TO A PURCHASE
                   AGREEMENT AND (II) APPROVING THE PURCHASE
                   AGREEMENT

---

forth in the APA. As a condition of purchasing the Assets, Buyer requires that the Assets be sold

free and clear of all Liens and Claims, except those explicitly and expressly assumed by Buyer in

the APA. Except as otherwise set forth in the APA and in the Settlements, the transfer of the

Assets to Buyer does not and will not subject Buyer to any liability whatsoever with respect to

the operation of the Debtor's business and/or the ownership of the Assets prior to the Closing.

H.      Except as otherwise set forth herein, the Debtor is the sole and lawful owner of

the Assets. Accordingly, the transfer of the Assets to Buyer is or will be a legal, valid and

effective transfer of the Assets, and will vest Buyer with all right, title and interest in and to the

Assets, free and clear of all Liens and Claims (except as otherwise set forth herein) pursuant to,

and to the fullest extent permitted by, section 363(f) of the Bankruptcy Code and all other

applicable laws, except with respect to those Liens and Claims explicitly and expressly assumed

by Buyer in the APA.

I.      NexBank, as agent for the DIP Lenders and the Pre-Petition Second Lien Lenders,

consents to the sale of the Assets on the terms and conditions set forth herein. Except as set forth

herein, non-debtor parties holding valid Liens or Claims in or with respect to the Assets who did

not object or who withdrew their objections, to the Motion are deemed to have consented to the

sale of the Assets free and clear of their Liens or Claims in or with respect to the Assets pursuant

(Page 10)
Debtor:              MARCAL PAPER MILLS, INC.
Case No:             06-21886 (MS)
Caption of Order:    ORDER PURSUANT TO SECTIONS 105, 363 AND 365 OF THE
                     BANKRUPTCY CODE AUTHORIZING (I) SALE OF CERTAIN
                     ASSETS OF THE DEBTOR FREE AND CLEAR OF ALL LIENS,
                     CLAIMS AND ENCUMBRANCES PURSUANT TO A PURCHASE
                     AGREEMENT AND (II) APPROVING THE PURCHASE
                     AGREEMENT

---

to section 363(f)(2) of the Bankruptcy Code, except as to ORIX as provided below in paragraph

51 below.

ACCORDINGLY, IT IS HEREBY ORDERED THAT:

1.      All objections to the Motion and the relief requested therein, including the

Objections specifically referenced above, that have not been withdrawn, waived or settled in

accordance with the Settlements, and, except as otherwise set forth herein, all reservations of

rights included in such objections, are hereby overruled on the merits and denied.

2.      The APA shall be amended and restated so as to reflect the Committee

Settlement.

3.      Pursuant to section 363(b) of the Bankruptcy Code, and subject to this Order, the

Debtor is hereby authorized to sell and transfer the Assets to Buyer pursuant to and in

accordance with the terms and conditions of the APA and this Order and to take all other actions

as are necessary to effectuate all of the terms thereof and to consummate the transactions

contemplated therein, including, without limitation, such actions as are necessary to execute and

deliver all documents referenced in and/or contemplated under the APA without any further

authorization of the Court.  Except as set forth herein, upon the Closing Date and payment of the

Purchase Price, title to the Assets shall pass to Buyer at Closing pursuant to, and to the fullest

extent permitted by, section 363(f) of the Bankruptcy Code and all other applicable laws, except

(Page 11)
Debtor:              MARCAL PAPER MILLS, INC.
Case No:             06-21886 (MS)
Caption of Order:    ORDER PURSUANT TO SECTIONS 105, 363 AND 365 OF THE
                     BANKRUPTCY CODE AUTHORIZING (I) SALE OF CERTAIN
                     ASSETS OF THE DEBTOR FREE AND CLEAR OF ALL LIENS,
                     CLAIMS AND ENCUMBRANCES PURSUANT TO A PURCHASE
                     AGREEMENT AND (II) APPROVING THE PURCHASE
                     AGREEMENT

---

with respect to those Liens and Claims explicitly and expressly assumed by Buyer in the APA,

free and clear of any and all Liabilities, liens, security interests, encumbrances and claims

(including, but not limited to, any "claim" as defined in section 101(5) of the Bankruptcy Code),

reclamation claims, mortgages, deeds of trust, pledges, covenants, restrictions, hypothecations,

charges, indentures, loan agreements, causes of action, instruments, contracts, leases, licenses,

options, rights of first refusal, offsets, recoupment, rights of recovery, judgments, orders and

decrees of any court or foreign or domestic governmental entity, claims for reimbursement,

contribution, indemnity or exoneration, assignment, preferences, debts, charges, suits, rights of

recovery, interests, products liability, alter-ego, environmental, successor liability, tax and other

liabilities, causes of action and claims, and in each case whether secured or unsecured, choate or

inchoate, filed or unfiled, scheduled or unscheduled, noticed or unnoticed, recorded or

unrecorded, perfected or unperfected, allowed or disallowed, contingent or non-contingent,

liquidated or unliquidated, matured or unmatured, material or non-material, disputed or

undisputed, or known or unknown, whether arising prior to, on, or subsequent to the Filing Date,

whether imposed by agreement, understanding, law, equity or otherwise (collectively, the "Liens

and Claims"), with any Liens and Claims to attach only to the proceeds of sale with the same

priority, validity, force and effect as they existed with respect to the Assets before the Closing

Date.

*The Court has overruled the objections to sale of NJDEP and Top Soil Depot, Inc.
("TSD")/Alan P. Rombough ("Rombough"), denying these objectors the right to have the Buyer
undertake, pursuant to the sale, remediation obligations with respect to "Kaofin" located on
property owned by TSD. Said Court ruling shall not affect the rights (if any) of said objectors to
make claims against the debtor in this case.

(Page 12)
Debtor:             MARCAL PAPER MILLS, INC.
Case No:            06-21886 (MS)
Caption of Order:   ORDER PURSUANT TO SECTIONS 105, 363 AND 365 OF THE
                    BANKRUPTCY CODE AUTHORIZING (I) SALE OF CERTAIN
                    ASSETS OF THE DEBTOR FREE AND CLEAR OF ALL LIENS,
                    CLAIMS AND ENCUMBRANCES PURSUANT TO A PURCHASE
                    AGREEMENT AND (II) APPROVING THE PURCHASE
                    AGREEMENT

---

4.      Pursuant to section 365(b), (c) and (f) of the Bankruptcy Code, and subject to this

Order, the Debtor is authorized to assume and assign the Section 365 Contracts (hereinafter

referred to collectively as the "Assigned Contracts"), which shall include but not be limited to,

consistent with the APA and this Order, the Real Property Leases, Personal Property Leases and

licenses of the Intellectual Property (as such terms are defined in the APA) designated for

assignment to Buyer pursuant to the APA, subject to the procedures established in the

Procedures Order; provided, however, that there shall be no assumption of any such Assigned

Contract absent simultaneous assignment thereof to Buyer.

5.      Those Assigned Contracts, as to which there have been neither an Assumption

Objection, Cure Objection, or an Adequate Assurance Objection, as set forth on **Exhibit B**

hereto (i) shall be deemed assumed and assigned to Buyer as of the Closing Date and (ii) the

Buyer shall be deemed to have provided adequate assurance of its future performance under the

relevant Assigned Contracts within the meaning of sections 365(b)(1)(C), 365(b)(3) (to the

extent applicable) and 365(f)(2)(B) of the Bankruptcy Code.

6.      On or as promptly after the Closing Date as practical, the Cure Amounts to which

no objections have been filed, or to which the Buyer and applicable non-debtor contract party

have agreed as to the allowed Cure Amount(s), shall be paid.

(Page 13)
Debtor:                    MARCAL PAPER MILLS, INC.
Case No:                   06-21886 (MS)
Caption of Order:          ORDER PURSUANT TO SECTIONS 105, 363 AND 365 OF THE
                           BANKRUPTCY CODE AUTHORIZING (I) SALE OF CERTAIN
                           ASSETS OF THE DEBTOR FREE AND CLEAR OF ALL LIENS,
                           CLAIMS AND ENCUMBRANCES PURSUANT TO A PURCHASE
                           AGREEMENT AND (II) APPROVING THE PURCHASE
                           AGREEMENT

---

7.      A further hearing shall be held on February 1, 2008 at 10:00 a.m. to consider any

unresolved Assumption Objection, Cure Objection, and/or an Adequate Assurance Objection,

including with respect to those Assigned Contracts set forth on **Exhibit C** hereto.

8.      The Debtor and Buyer shall have the right until the Closing Date, or at such later

time as mutually agreed upon between the Debtor, Buyer and applicable non-debtor party, to

amend the list of Assigned Contracts designated for assumption and assignment under the APA

(a) to designate any such executory contract or unexpired lease for assumption and assignment to

Buyer that, as of such date, has not been designated as an Assigned Contract (solely because

such executory contract or unexpired lease was not previously identified by the Debtor) and has

not been rejected by the Debtor or otherwise terminated (a "Previously Unidentified Contract"),

and (b) to remove any such executory contract or unexpired lease from the list of Assigned

Contracts, including, without limitation, in such instances where the parties cannot reach

agreement on a disputed Cure Amount.

9.      Buyer has recently discovered additional executory contracts and unexpired leases

that were not previously identified by the Debtor (collectively, the "Additional Assigned

Contracts"), which it seeks to have assigned to it.  Within two (2) business days of the date of

this Order, the Debtor shall file with the Court and serve notice substantially in the form annexed

hereto as **Exhibit D** (the "Supplemental Notice of Assumption and Assignment") to all non-

(Page 14)
Debtor:              MARCAL PAPER MILLS, INC.
Case No:             06-21886 (MS)
Caption of Order:    ORDER PURSUANT TO SECTIONS 105, 363 AND 365 OF THE
                     BANKRUPTCY CODE AUTHORIZING (I) SALE OF CERTAIN
                     ASSETS OF THE DEBTOR FREE AND CLEAR OF ALL LIENS,
                     CLAIMS AND ENCUMBRANCES PURSUANT TO A PURCHASE
                     AGREEMENT AND (II) APPROVING THE PURCHASE
                     AGREEMENT

Debtor counter-parties to the Additional Assigned Contracts (as identified on **Exhibit E** hereto).

The Supplemental Notice of Assumption and Assignment shall set forth (i) that the Debtor may

assume and assign the Additional Assigned Contracts to Buyer and (ii) the Cure Amount

associated with the assumption, sale and assignment of each Additional Assigned Contract.

      10.    Any objection to the Cure Amounts with respect to an Additional Assigned

Contract (a "Cure Objection"), any objection to the Debtor's ability to assume and assign an

Additional Assigned Contract, including with respect to Buyer's ability to provide adequate

assurance of future performance under an Additional Assigned Contract (an "Assumption

Objection") shall be in writing and must be filed with the United States Bankruptcy Court of the

District of New Jersey, Martin Luther King, Jr. Federal Building, 50 Walnut Street, 3rd Floor,

Newark, NJ 07102 and served on each of the Notice Parties so as to be *actually received* by

February 6, 2008, at 5:00 p.m. (prevailing Eastern Time). A Cure Objection must contain the

cure amount that the objecting party believes should be paid in connection with the assumption

of the particular Additional Assigned Contract (the "Claimed Cure Amount") along with the

appropriate documentation in support thereof. Failure to assert a Cure Objection shall constitute

the waiver of any amount in excess of the Cure Amount specified by the Debtor and such excess

amounts shall be forever barred.

(Page 15)
Debtor:            MARCAL PAPER MILLS, INC.
Case No:           06-21886 (MS)
Caption of Order:  ORDER PURSUANT TO SECTIONS 105, 363 AND 365 OF THE
                   BANKRUPTCY CODE AUTHORIZING (I) SALE OF CERTAIN
                   ASSETS OF THE DEBTOR FREE AND CLEAR OF ALL LIENS,
                   CLAIMS AND ENCUMBRANCES PURSUANT TO A PURCHASE
                   AGREEMENT AND (II) APPROVING THE PURCHASE
                   AGREEMENT

---

11.     If an Assumption Objection or Cure Objection is timely filed with respect to an

Additional Assigned Contract and remains pending, a hearing with respect to that objection shall

be held before the Honorable Morris Stern, United States Bankruptcy Judge, in the United States

Bankruptcy Court of the District of New Jersey, Martin Luther King, Jr. Federal Building, 50

Walnut Street, 3rd Floor, Newark, NJ 07102 on February 8, 2008, at 10:00 a.m. or such other date

and time as the Court may schedule. A hearing regarding the Cure Amount(s) or disputed

Claimed Cure Amount(s), if any, for any Additional Assigned Contracts may be continued at the

Debtor's discretion until after the Closing, subject to a date and time set by the Court on notice to

the respective parties.

12.     Within two (2) business days of the Buyer timely designating a Previously

Unidentified Contract as an Assigned Contract, the Debtor shall file a notice (a "Previously

Unidentified Contract Assumption Notice") and serve same upon the non-Debtor counterparty

thereto by overnight mail, which Previously Unidentified Contract Assumption Notice shall

advise the non-Debtor counterparty thereto: (i) that the Debtor may assume and assign the

applicable Previously Unidentified Contract to Buyer and (ii) the Cure Amount associated with

the assumption, sale and assignment of such Previously Unidentified Contract. Any objection to

the Cure Amounts with respect to a Previously Unidentified Contract (a "Previously Unidentified

Contract Cure Objection"), any objection to the Debtor's ability to assume and assign a

(Page 16)
Debtor:                MARCAL PAPER MILLS, INC.
Case No:               06-21886 (MS)
Caption of Order:      ORDER PURSUANT TO SECTIONS 105, 363 AND 365 OF THE
                       BANKRUPTCY CODE AUTHORIZING (I) SALE OF CERTAIN
                       ASSETS OF THE DEBTOR FREE AND CLEAR OF ALL LIENS,
                       CLAIMS AND ENCUMBRANCES PURSUANT TO A PURCHASE
                       AGREEMENT AND (II) APPROVING THE PURCHASE
                       AGREEMENT

---

Previously Unidentified Contract, including with respect to Buyer's ability to provide adequate

assurance of future performance under a Previously Unidentified Contract (a "Previously

Unidentified Contract Assumption Objection") shall be in writing and must be filed with the

United States Bankruptcy Court of the District of New Jersey, Martin Luther King, Jr. Federal

Building, 50 Walnut Street, 3rd Floor, Newark, NJ 07102 and served on each of the Notice

Parties so as to be *actually received* within 10 calendar days of the non-Debtor counterparty's

receipt of a Previously Unidentified Contract Assumption Notice.  A Cure Objection with respect

to a Previously Unidentified Contract must contain the cure amount that the objecting party

believes should be paid in connection with the assumption of the particular Previously

Unidentified Contract (the "Previously Unidentified Contract Claimed Cure Amount") along

with the appropriate documentation in support thereof.  Failure to assert a Previously

Unidentified Contract Cure Objection shall constitute the waiver of any amount in excess of the

Cure Amount specified by the Debtor and such excess amounts shall be forever barred.  If a

Previously Unidentified Contract Assumption Objection or a Previously Unidentified Contract

Cure Objection is timely filed and remains pending, a hearing with respect to that objection shall

be held before the Honorable Morris Stern, United States Bankruptcy Judge, in the United States

Bankruptcy Court of the District of New Jersey, Martin Luther King, Jr. Federal Building, 50

Walnut Street, 3rd Floor, Newark, NJ 07102 on such date and time as the Court may schedule.  A

39517/0001-2373514v9

(Page 17)
Debtor:                MARCAL PAPER MILLS, INC.
Case No:               06-21886 (MS)
Caption of Order:      ORDER PURSUANT TO SECTIONS 105, 363 AND 365 OF THE
                       BANKRUPTCY CODE AUTHORIZING (I) SALE OF CERTAIN
                       ASSETS OF THE DEBTOR FREE AND CLEAR OF ALL LIENS,
                       CLAIMS AND ENCUMBRANCES PURSUANT TO A PURCHASE
                       AGREEMENT AND (II) APPROVING THE PURCHASE
                       AGREEMENT

---

hearing regarding the Cure Amount(s) or disputed Claimed Cure Amount(s), if any, for any

Previously Unidentified Contract may be continued at the Debtor's discretion until after the

Closing, subject to a date and time set by the Court on notice to the respective parties.

13.     Parties that fail to file and serve timely an Assumption Objection and/or Cure

Objection in accordance with this Order (which shall specifically include a Previously

Unidentified Contract Assumption Objection and/or a Previously Unidentified Contract Cure

Objection )shall be deemed to have waived and released any and all rights to assert against the

Debtor or Buyer cure amounts in excess of the Cure Amounts specified by the Debtor and shall

be forever barred and estopped from objecting to the assumption and assignment of the relevant

Additional Assigned Contract or Previously Unidentified Contract, as the case may be, and from

asserting against the Debtor or Buyer any right of set-off, condition to assignment and/or any

additional cure or other amount with respect to such Additional Assigned Contract or Previously

Unidentified Contract, as the case may be.

14.     If no Assumption Objection and/or Cure Objection in respect of an Additional

Assigned Contract (or a Previously Unidentified Contract Assumption Objection and/or

Previously Unidentified Contract Cure Objection, as the case may be) is timely filed and served:

(i) the Debtor may assume and assign to Buyer such Additional Assigned Contracts and/or

Previously Unidentified Contract, as the case may be; (ii) the Cure Amount set forth in the

(Page 18)
Debtor:                MARCAL PAPER MILLS, INC.
Case No:               06-21886 (MS)
Caption of Order:      ORDER PURSUANT TO SECTIONS 105, 363 AND 365 OF THE
                       BANKRUPTCY CODE AUTHORIZING (I) SALE OF CERTAIN
                       ASSETS OF THE DEBTOR FREE AND CLEAR OF ALL LIENS,
                       CLAIMS AND ENCUMBRANCES PURSUANT TO A PURCHASE
                       AGREEMENT AND (II) APPROVING THE PURCHASE
                       AGREEMENT

---

Supplemental Notice of Assumption and Assignment or a Previously Unidentified Contract

Assumption Notice, as the case may be, shall be binding upon the respective non-Debtor party to

the Additional Assigned Contract or Previously Unidentified Contract, as the case may be, for all

purposes in this chapter 11 case, and (iii) the respective non-Debtor party shall be forever barred

from objecting to the assumption, sale and assignment of the relevant Additional Assigned

Contract or Previously Unidentified Contract, as the case may be, and from asserting against the

Debtor or Buyer any right of set- off, condition to assignment and/or any additional cure or other

amount in excess of the Cure Amount with respect to such Additional Assigned Contract

Previously Unidentified Contract, as the case may be.

　　　　15.　　　The effective date of any assumption, sale and assignment of any Assigned

Contract (including any Additional Assigned Contract) shall be the Closing Date or in the case of

a Previously Unidentified Contract, the later of the Closing Date or the date upon which the

Court determines or the parties fix the Cure Amount with respect to an Previously Unidentified

Contract. Accordingly, any Cure Amounts to be paid under any Assigned Contract (including an

Additional Assigned Contract and a Previously Unidentified Contract) shall be paid as soon as

reasonably practicable after the Closing Date or by whatever date is fixed by the Court or agreed

upon by the Debtor and the objecting party, with such agreement being consented to by Buyer.

(Page 19)
Debtor:              MARCAL PAPER MILLS, INC.
Case No:             06-21886 (MS)
Caption of Order:    ORDER PURSUANT TO SECTIONS 105, 363 AND 365 OF THE
                     BANKRUPTCY CODE AUTHORIZING (I) SALE OF CERTAIN
                     ASSETS OF THE DEBTOR FREE AND CLEAR OF ALL LIENS,
                     CLAIMS AND ENCUMBRANCES PURSUANT TO A PURCHASE
                     AGREEMENT AND (II) APPROVING THE PURCHASE
                     AGREEMENT

16.    Buyer shall not be required to assume any contract absent a Cure Amount with respect to any Assigned Contracts (including an Additional Assigned Contract and a Previously Unidentified Contract), if any, acceptable to Buyer and the Debtor shall not be deemed to assume any executory contract and/or unexpired lease that is not assigned to Buyer.

17.    There shall be no rent accelerations, assignment fees, increases (including advertising rates) or any other fees charged to Buyer as a result of the assumption and assignment of the Assigned Contracts (including an Additional Assigned Contract and a Previously Unidentified Contract).

18.    Pursuant to sections 105(a), 363 and 365 of the Bankruptcy Code, all parties to the Assigned Contracts (including an Additional Assigned Contract and a Previously Unidentified Contract) are forever barred and enjoined from raising or asserting against Buyer any assignment fee, default, breach or claim or pecuniary loss, or condition to assignment, arising under or related to the Assigned Contracts (including an Additional Assigned Contract and a Previously Unidentified Contract) existing as of the Closing or arising by reason of the Closing, except for any postpetition amounts that are Assumed Liabilities being assumed by Buyer under the APA. Payment of the Cure Amounts shall be deemed to discharge the Debtor's obligation to: (i) cure, or provide adequate assurance that the Debtor will promptly cure, any defaults under the Section Assigned Contracts (including an Additional Assigned Contract and a Previously Unidentified

(Page 20)
Debtor:            MARCAL PAPER MILLS, INC.
Case No:           06-21886 (MS)
Caption of Order:  ORDER PURSUANT TO SECTIONS 105, 363 AND 365 OF THE
                   BANKRUPTCY CODE AUTHORIZING (I) SALE OF CERTAIN
                   ASSETS OF THE DEBTOR FREE AND CLEAR OF ALL LIENS,
                   CLAIMS AND ENCUMBRANCES PURSUANT TO A PURCHASE
                   AGREEMENT AND (II) APPROVING THE PURCHASE
                   AGREEMENT

---

Contract); and (ii) compensate, or provide adequate assurance that the Debtor will promptly

compensate, any non-Debtor party to the Assigned Contracts (including a non-Debtor party to an

Additional Assigned Contract and/or a Previously Unidentified Contract) for any actual

pecuniary loss resulting from any default under the Assigned Contracts (which shall include

Additional Assigned Contracts and/or a Previously Unidentified Contracts).  Pursuant to section

365(k) of the Bankruptcy Code or otherwise, the Debtor shall have no liabilities for any claims

arising or relating to or accruing post-Closing under any of the Assigned Contracts (which shall

include Additional Assigned Contracts and/or a Previously Unidentified Contracts).

19.     In accordance with sections 365(b)(2) and (f) of the Bankruptcy Code, upon

transfer of the Assigned Contracts (which shall include Additional Assigned Contracts and/or a

Previously Unidentified Contracts) to Buyer, (i) Buyer shall have all of the rights of the Debtor

thereunder and each provision of such Assigned Contracts (which shall include Additional

Assigned Contracts and/or a Previously Unidentified Contracts) shall remain in full force and

effect for the benefit of Buyer notwithstanding any provision in any such Assigned Contract

(which shall include Additional Assigned Contracts and/or a Previously Unidentified Contracts)

or in applicable law that prohibits, restricts or limits in any way such assignment or transfer, and

(ii) no Assigned Contract(which shall include Additional Assigned Contracts and/or a Previously

Unidentified Contracts) may be terminated, or the rights of any party modified in any respect,

(Page 21)
Debtor:              MARCAL PAPER MILLS, INC.
Case No:             06-21886 (MS)
Caption of Order:    ORDER PURSUANT TO SECTIONS 105, 363 AND 365 OF THE
                     BANKRUPTCY CODE AUTHORIZING (I) SALE OF CERTAIN
                     ASSETS OF THE DEBTOR FREE AND CLEAR OF ALL LIENS,
                     CLAIMS AND ENCUMBRANCES PURSUANT TO A PURCHASE
                     AGREEMENT AND (II) APPROVING THE PURCHASE
                     AGREEMENT

---

including pursuant to any "change of control" clause, by any other party thereto as a result of the

consummation of the transactions contemplated by the APA.

20.     Pursuant to section 365(b), (c) and (f) of the Bankruptcy Code, and subject to the

terms set forth in this paragraph, the Debtor is hereby authorized to assume those certain

sublease agreements pursuant to which the Debtor, as sub-landlord, sublets certain portions of

the 465 Boulevard Property to certain non-Debtor parties as identified on Schedule 1.1.5-1 of the

APA (collectively, the "465 Boulevard Subleases") and to assign the 465 Boulevard Subleases to

Robert Marcalus.  Within two (2) business days of the date of this Order, the Debtor shall file

with the Court and serve notice substantially in the form of the Supplemental Notice of

Assumption and Assignment to each of the non-Debtor counter-parties to the 465 Boulevard

Subleases (as identified on **Exhibit F** hereto).  The Supplemental Notice of Assumption and

Assignment shall set forth (i) that the Debtor may assume and assign the 465 Boulevard

Subleases to Robert Marcalus and (ii) the Cure Amount associated with the assumption and

assignment of each 465 Boulevard Sublease.  The process, procedures, rights and relief set forth

in paragraphs 10, 11, 13, 14, 15, 18 and 19 of this Order shall apply with respect to the

assumption and assignment of the 465 Boulevard Subleases (for purposes of this paragraph only,

references in those paragraphs to the Buyer shall be deemed to refer to Robert Marcalus and

references in those paragraphs to Assigned Contracts shall be deemed to refer to the 465

(Page 22)
Debtor:              MARCAL PAPER MILLS, INC.
Case No:             06-21886 (MS)
Caption of Order:    ORDER PURSUANT TO SECTIONS 105, 363 AND 365 OF THE
                     BANKRUPTCY CODE AUTHORIZING (I) SALE OF CERTAIN
                     ASSETS OF THE DEBTOR FREE AND CLEAR OF ALL LIENS,
                     CLAIMS AND ENCUMBRANCES PURSUANT TO A PURCHASE
                     AGREEMENT AND (II) APPROVING THE PURCHASE
                     AGREEMENT

---

Boulevard Subleases). Within two (2) business days of a determination that a Claimed Cure

Amount is deemed allowed with respect to a particular 465 Boulevard Sublease, Robert

Marcalus, in his sole and absolute discretion, may deliver written notice to the Debtor advising

that he will not accept the assignment of such 465 Boulevard Sublease, in which event such 465

Boulevard Sublease shall not be assumed, but shall be deemed rejected effective as of the

Closing Date. Subject to the foregoing sentence, Robert Marcalus shall be responsible for the

payment of any amount to which the sublessees are entitled under the 465 Boulevard Subleases,

including any allowed Cure Amounts, if any, in connection with the assumption and assignment

of the 465 Boulevard Subleases. Robert Marcalus shall provide the Debtor and its estate with a

full and complete indemnity for any and all claims and liabilities which the Debtor or the estate

shall incur in connection with any of the 465 Boulevard Subleases to the extent such claim or

liability is determined to be an administrative, priority claim against the Debtor's estate,

including attorneys' fees and costs in adjudicating the administrative priority determination of

such claim.

21.     The sale and transfer of the Assets to Buyer pursuant to the APA constitutes a

legal, valid and effective transfer and shall vest Buyer with all right, title and interest of the

Debtor in and to the Assets.

(Page 23)
Debtor:                 MARCAL PAPER MILLS, INC.
Case No:                06-21886 (MS)
Caption of Order:       ORDER PURSUANT TO SECTIONS 105, 363 AND 365 OF THE
                        BANKRUPTCY CODE AUTHORIZING (I) SALE OF CERTAIN
                        ASSETS OF THE DEBTOR FREE AND CLEAR OF ALL LIENS,
                        CLAIMS AND ENCUMBRANCES PURSUANT TO A PURCHASE
                        AGREEMENT AND (II) APPROVING THE PURCHASE
                        AGREEMENT

---

22.     This Order and the APA shall be binding upon, and shall inure to the benefit of,

the Debtor, Buyer and their respective successors and assigns, including, without limitation, any

liquidating trustee, chapter 7 or chapter 11 trustee or examiner hereinafter appointed in this or

any other proceeding commenced under the Bankruptcy Code by or against the Debtor.

23.     This Court shall retain exclusive jurisdiction to enforce the provisions of this

Order and the APA and to resolve any issue or dispute concerning the interpretation,

implementation or enforcement of this Order and the APA, or the rights and duties of the parties

hereunder or thereunder, including, without limitation, any issue or dispute concerning the

transfer of the Assets free and clear of Liens and Claims.

24.     As to the APA and the Assets transferred thereby, this Order (a) is and shall be

effective as a determination that, on the Closing Date and the payment of the portion of the

Purchase Price required to be delivered to Debtor pursuant to the terms of the APA on the

Closing Date, all Liens and Claims on the Assets as of the Closing Date have been

unconditionally released, discharged and terminated, and (b) is and shall be binding upon and

govern the acts of all Persons including without limitation, all Governmental Entities, filing

agents, filing officers, title agents, title companies, recorders of mortgages, recorders of deeds,

taxing authorities, registrars of deeds, registrars of patents, trademarks or other intellectual

property, administrative agencies, governmental departments, secretaries of state, federal, state,

(Page 24)
Debtor:                MARCAL PAPER MILLS, INC.
Case No:               06-21886 (MS)
Caption of Order:      ORDER PURSUANT TO SECTIONS 105, 363 AND 365 OF THE
                       BANKRUPTCY CODE AUTHORIZING (I) SALE OF CERTAIN
                       ASSETS OF THE DEBTOR FREE AND CLEAR OF ALL LIENS,
                       CLAIMS AND ENCUMBRANCES PURSUANT TO A PURCHASE
                       AGREEMENT AND (II) APPROVING THE PURCHASE
                       AGREEMENT

---

and local officials, and all other Persons who may be required by operation of law or contract, to accept, file, register or otherwise record or release any documents or instruments. Upon the Debtor's receipt of the consideration set forth in Section 2.1 of the APA at the Closing, each of the creditors of the Debtor is authorized and directed to execute such documents and take all other actions as may be necessary to release its Liens and Claims against or in the Assets, if any, as such Liens and Claims may have been recorded or may otherwise exist, with the exception of those creditors holding Liens and Claims explicitly and expressly assumed by Buyer in the APA.

25.    Each and every federal, state, and local governmental agency, recording office or department and all other parties, persons or entities is hereby directed to accept this Order for recordation as conclusive evidence of the free and clear and unencumbered transfer of title to the Assets conveyed to Buyer.

26.    If any person or entity that has filed financing statements, mortgages, mechanic's liens, *lis pendens,* or other documents or agreements evidencing Liens and Claims against or in the Assets shall not have delivered to the Debtor before the Closing, in proper form for filing and executed by the appropriate parties, termination statements, instruments of satisfaction, releases of all Liens and Claims that the person or entity has with respect to the Assets or otherwise, the Debtor or Buyer is hereby authorized and directed to execute and file such statements,

(Page 25)
Debtor:                MARCAL PAPER MILLS, INC.
Case No:               06-21886 (MS)
Caption of Order:      ORDER PURSUANT TO SECTIONS 105, 363 AND 365 OF THE
                       BANKRUPTCY CODE AUTHORIZING (I) SALE OF CERTAIN
                       ASSETS OF THE DEBTOR FREE AND CLEAR OF ALL LIENS,
                       CLAIMS AND ENCUMBRANCES PURSUANT TO A PURCHASE
                       AGREEMENT AND (II) APPROVING THE PURCHASE
                       AGREEMENT

---

instruments, releases and other documents on behalf of such person or entity with respect to the

Assets.

27.     The provisions of this Order shall be self-executing, and neither the Debtor, Buyer

nor any other party shall be required to execute or file releases, termination statements,

assignments, cancellations, consents or other instruments to effectuate, consummate and/or

implement the provisions hereof with respect to such sale; provided, however, that this paragraph

shall not excuse such parties from performing any and all of their respective obligations under

the APA.  Without in any way limiting the foregoing, Buyer is empowered to execute and file

releases, termination statements, assignments, consents, cancellations or other instruments to

effectuate, consummate and/or implement the provisions hereof with respect to the sale

contemplated by the APA.

28.     Article 6 of the Uniform Commercial Code governing Bulk Sale Transfers is not

applicable to the sale of the Assets to the Buyer.

29.     All entities who are presently, or who as of the Closing may be, in possession of

some or all of the Assets hereby are directed to surrender possession of the Assets to Buyer as of

the Closing.

30.     Except as otherwise expressly provided in this paragraph below, effective upon

the Closing Date, all Persons are forever prohibited and enjoined from commencing or

(Page 26)
Debtor:             MARCAL PAPER MILLS, INC.
Case No:            06-21886 (MS)
Caption of Order:   ORDER PURSUANT TO SECTIONS 105, 363 AND 365 OF THE
                    BANKRUPTCY CODE AUTHORIZING (I) SALE OF CERTAIN
                    ASSETS OF THE DEBTOR FREE AND CLEAR OF ALL LIENS,
                    CLAIMS AND ENCUMBRANCES PURSUANT TO A PURCHASE
                    AGREEMENT AND (II) APPROVING THE PURCHASE
                    AGREEMENT

---

continuing in any manner any action or other proceeding, whether in law or equity, in any

judicial, administrative, arbitral or other proceeding (other than by an appeal timely taken with

respect to this Order or a motion timely made under Bankruptcy Rules 9023 or 9024) against the

Buyer, its Affiliates, successors and assigns, or the Assets with respect to any Liens and Claims

arising under, out of, in connection with or in any way relating to the Debtor, the Buyer, the

Assets, the operation of the Assets prior to the Closing of the sale of the Assets, including,

without limitation, the following actions:

  (i) Taking any action that would adversely affect or interfere with the ability

of the Debtor to sell and transfer the Assets to the Buyer in accordance with the terms of the

APA and this Order.

  (ii) Commencing or continuing in any manner any action or other proceeding

against the Buyer, its Affiliates, successors, assets or properties;

  (iii) Enforcing, attaching, collecting or recovering in any manner any

judgment, award, decree or order against the Buyer, its Affiliates, successors, assets or

properties;

  (iv) Creating, perfecting or enforcing any Liens and Claims against the Buyer,

its Affiliates, successors, assets or properties;

(Page 27)
Debtor:              MARCAL PAPER MILLS, INC.
Case No:            06-21886 (MS)
Caption of Order:   ORDER PURSUANT TO SECTIONS 105, 363 AND 365 OF THE
                    BANKRUPTCY CODE AUTHORIZING (I) SALE OF CERTAIN
                    ASSETS OF THE DEBTOR FREE AND CLEAR OF ALL LIENS,
                    CLAIMS AND ENCUMBRANCES PURSUANT TO A PURCHASE
                    AGREEMENT AND (II) APPROVING THE PURCHASE
                    AGREEMENT

---

(v)     Asserting any setoff, right of subrogation or recoupment of any kind against any obligation due the Buyer or its successors or Affiliates;

(vi)    Commencing or continuing any action in any manner or place, that does not comply or is inconsistent with the provisions of this Order or other orders of the Court, or the agreements or actions contemplated or taken in respect thereof; or

(vii)   Revoking or terminating any license, permit or authorization to operate any of the Assets or conduct any of the businesses operated with the Assets. This paragraph shall not apply to the rights of the Insider Lessors and the Marcalus Family under the Insiders Settlement or with respect to right of the Committee or any successor thereto to enforce the Committee Settlement. This paragraph shall also not apply to the rights of ORIX against any Affiliates of the Buyer with respect to an action by ORIX consistent with paragraph 51 below.

31.     Without limiting the generality of the foregoing, except as otherwise specifically set forth in the APA, the Buyer shall not assume or be obligated to pay, perform or otherwise discharge any workers' compensation debts, obligations and liabilities of the Debtor arising pursuant to state law or otherwise. This Order is intended to be all inclusive and shall encompass, but not be limited to, workers' compensation claims or suits of any type, whether now known or unknown, whenever incurred or filed, which have occurred or which arise from

(Page 28)
Debtor:                    MARCAL PAPER MILLS, INC.
Case No:                   06-21886 (MS)
Caption of Order:          ORDER PURSUANT TO SECTIONS 105, 363 AND 365 OF THE
                           BANKRUPTCY CODE AUTHORIZING (I) SALE OF CERTAIN
                           ASSETS OF THE DEBTOR FREE AND CLEAR OF ALL LIENS,
                           CLAIMS AND ENCUMBRANCES PURSUANT TO A PURCHASE
                           AGREEMENT AND (II) APPROVING THE PURCHASE
                           AGREEMENT

---

work related injuries, diseases, death, exposures, intentional torts, acts of discrimination or other

incidents, acts, or injuries prior to the Closing Date, including, but not limited to, any and all

workers' compensation claims filed or to be filed, or reopenings of those claims, by or on behalf

of the Debtor's current or former employees, persons on laid off, inactive or retired status, or

their respective dependents, heirs or assigns, as well as any and all premiums, assessments or

other obligations of any nature whatsoever of the Debtor relating in any way to workers'

compensation liability, except as otherwise specifically set forth in the APA.

    32.    Except for the Assumed Liabilities and the terms of the Insiders Settlement and

the Committee Settlement, or as otherwise expressly provided for in the APA and this Order, the

Buyer shall not have any liability or responsibility for any Liability or other obligation of the

Debtor arising under or related to the Assets. Without limiting the generality of the foregoing,

and except as otherwise specifically provided in the APA, the Buyer shall not be liable for the

Excluded Liabilities or any other Liabilities against the Assets, Debtor or any of its predecessors

or Affiliates including, but not limited to, Liabilities under any pension, ERISA, Tax,

employment, Labor Rules or antidiscrimination laws or regulations, products liability law,

environmental law and any claims based on any successor liability theory arising under

applicable law, whether known or unknown as of the Closing Date, now existing or hereafter

arising, whether fixed or contingent, with respect to the Debtor or any obligations of the Debtor

(Page 29)
Debtor:              MARCAL PAPER MILLS, INC.
Case No:             06-21886 (MS)
Caption of Order:    ORDER PURSUANT TO SECTIONS 105, 363 AND 365 OF THE
                     BANKRUPTCY CODE AUTHORIZING (I) SALE OF CERTAIN
                     ASSETS OF THE DEBTOR FREE AND CLEAR OF ALL LIENS,
                     CLAIMS AND ENCUMBRANCES PURSUANT TO A PURCHASE
                     AGREEMENT AND (II) APPROVING THE PURCHASE
                     AGREEMENT

arising prior to the Closing Date, whether relating to or arising out of the Business, the Excluded

Assets or the Assets or otherwise, other than the Assumed Liabilities.

33.    Except for specific Assumed Liabilities, the terms of the Insiders Settlement and

the Committee Settlement, and the rights of ORIX against any Affiliates of the Buyer with

respect to an action by ORIX consistent with paragraph 51 below, neither the Buyer, its

Affiliates or designees, nor their respective successors or assigns, shall be obligated or liable,

either directly, indirectly, or vicariously, as successor, transferee or otherwise, for any Liabilities,

including on account of any taxes (that are Excluded Liabilities) of the Debtor or any of its

Affiliates (whether under federal, state law or otherwise) as a result of the sale or purchase of the

Assets or employment of any former employee of the Debtor.  With respect to Excluded

Liabilities, neither the Buyer, its Affiliates or designees, or their respective successors and

assigns nor the Assets shall be or be deemed to be a successor or successor in interest or

responsible Person or potentially responsible Person to the Debtor or any current or former

creditor, employee, equity holder or other Person with respect to any Liability and none shall

have any Liability (whether under federal, state law or otherwise) for successor liability,

including, without limitation, with respect to any Liabilities arising from or under products

liability, tax, Environmental Law, Labor Rules, or other laws.  Except as otherwise set forth in

the APA and the Insiders Settlement, the Buyer is not expressly or impliedly agreeing to assume

(Page 30)
Debtor:              MARCAL PAPER MILLS, INC.
Case No:             06-21886 (MS)
Caption of Order:    ORDER PURSUANT TO SECTIONS 105, 363 AND 365 OF THE
                     BANKRUPTCY CODE AUTHORIZING (I) SALE OF CERTAIN
                     ASSETS OF THE DEBTOR FREE AND CLEAR OF ALL LIENS,
                     CLAIMS AND ENCUMBRANCES PURSUANT TO A PURCHASE
                     AGREEMENT AND (II) APPROVING THE PURCHASE
                     AGREEMENT

---

any of the Debtor's Liabilities. The Buyer is not a mere continuation of the Debtor nor does the

Buyer constitute a successor to the Debtor by reason of any theory of law or equity or as a result

of the consummation of the Contemplated Transactions or otherwise. Except to the extent

expressly provided in the APA and the Insiders Settlement, the Purchaser shall not, (i) assume

any collective bargaining agreement, employee pension, welfare or benefit plan or (ii) assume or

in any way be responsible for any Liens or Claims against the Debtor and/or its estate accruing,

arising or relating to a period prior to Closing.

34. Except as expressly set forth herein, and subject to the Committee Settlement and

the Insider Settlement, nothing herein shall affect or otherwise modify the rights of the Lenders

(as defined under the APA) or the DIP Lender under the terms of the Final Order: (i) Authorizing

the Debtor to Incur Post-Petition Secured Indebtedness; (ii) Granting Security Interests and

Superpriority Claims Pursuant to Sections 105(a), 364(c), 364(d), et al., of the Bankruptcy Code;

(iii) Authorizing the Debtor to Use Cash Collateral Pursuant to Section 363(c)(2) of the

Bankruptcy Code and Federal Rule of Bankruptcy Procedure 4001; and (iv) Providing Related

Relief Including the Payment of Senior Debt, entered January 5, 2007.

35. The Excluded Assets are not property of the Buyer. To the extent a creditor of the

Debtor holds a lien in any Excluded Asset, (i) such lien is unaffected by this Order, and (ii) such

creditor continues to hold a lien in the applicable Excluded Asset(s) subject to the same extent,

(Page 31)
Debtor:              MARCAL PAPER MILLS, INC.
Case No:             06-21886 (MS)
Caption of Order:    ORDER PURSUANT TO SECTIONS 105, 363 AND 365 OF THE
                     BANKRUPTCY CODE AUTHORIZING (I) SALE OF CERTAIN
                     ASSETS OF THE DEBTOR FREE AND CLEAR OF ALL LIENS,
                     CLAIMS AND ENCUMBRANCES PURSUANT TO A PURCHASE
                     AGREEMENT AND (II) APPROVING THE PURCHASE
                     AGREEMENT

---

priority and validity (if any), and defenses of the estate in any such Excluded Asset. If there are

any Excluded Assets and/or proceeds thereof that come into the possession of the Buyer, (a) the

Buyer shall hold such Excluded Asset and/or the proceeds thereof in trust for the benefit of the

Debtor and such applicable secured creditor and (b) the Buyer shall promptly deliver such

Excluded Asset and/or the proceeds thereof to the Debtor (or, if required by a separate order of

the Bankruptcy Court, to such applicable secured creditor).

36.    In the event that any Furniture and Equipment are subject to any valid, perfected

and unavoidable Liens and Claims (the "Encumbered FFE"), the Buyer shall either exclude such

Encumbered FFE from the Purchased Assets or, at its option, include such Encumbered FFE as

Purchased Assets and assume and repay any such Liens and Claims encumbering such assets in

an amount agreed upon by Buyer and the applicable secured creditor (the "FFE Secured Claim

Amount"). Buyer shall not be required to purchase any Encumbered FFE absent an agreement

on the FFE Secured Claim Amount.

37.    Nothing contained in any chapter 11 plan confirmed in this case or order

confirming any such plan shall conflict with or derogate from the provisions of the APA or the

terms of this Order.

(Page 32)
Debtor:                MARCAL PAPER MILLS, INC.
Case No:               06-21886 (MS)
Caption of Order:      ORDER PURSUANT TO SECTIONS 105, 363 AND 365 OF THE
                       BANKRUPTCY CODE AUTHORIZING (I) SALE OF CERTAIN
                       ASSETS OF THE DEBTOR FREE AND CLEAR OF ALL LIENS,
                       CLAIMS AND ENCUMBRANCES PURSUANT TO A PURCHASE
                       AGREEMENT AND (II) APPROVING THE PURCHASE
                       AGREEMENT

---

38.     The APA is not a *sub rosa* chapter 11 plan for which approval has been sought without the protections that a disclosure statement would afford, and is not in violation of creditors' voting rights.

39.     Buyer shall be entitled to the protection of section 363(m) of the Bankruptcy Code if this Order or any authorization contained herein is reversed or modified on appeal. The purchase by Buyer of the Assets is a purchase in good faith for fair value within the meaning of section 363(m) of the Bankruptcy Code and applicable law and, therefore, Buyer is entitled to the protection of section 363(m) of the Bankruptcy Code. Accordingly, the reversal, modification or appeal of the authorization provided herein to consummate the APA and sale of the Assets shall not affect the validity of the sale to Buyer, unless such authorization is duly stayed pending such appeal before the Closing.

40.     The Debtor and the Buyer shall communicate on a regular basis regarding their respective efforts to satisfy the conditions to Closing set forth in the APA and shall provide reasonable updates to the Committee. If it shall become apparent that the parties will be unable to satisfy any condition to Closing set forth in the APA, the parties shall promptly notify the each other and the Committee, and, if necessary, this Court.

41.     The sale approved by this Order is not subject to avoidance or the imposition of costs and damages pursuant to Section 363(n) of the Bankruptcy Code or other applicable law.

(Page 33)
Debtor:            MARCAL PAPER MILLS, INC.
Case No:           06-21886 (MS)
Caption of Order:  ORDER PURSUANT TO SECTIONS 105, 363 AND 365 OF THE
                   BANKRUPTCY CODE AUTHORIZING (I) SALE OF CERTAIN
                   ASSETS OF THE DEBTOR FREE AND CLEAR OF ALL LIENS,
                   CLAIMS AND ENCUMBRANCES PURSUANT TO A PURCHASE
                   AGREEMENT AND (II) APPROVING THE PURCHASE
                   AGREEMENT

---

The consideration set forth in Section 2.1 of the APA to be provided by Buyer in exchange for the Assets shall be deemed to constitute reasonably equivalent value and fair consideration.

42.     The APA and any related agreements, documents, or other instruments may be modified, amended, or supplemented by the parties thereto, in a writing signed by both parties, and in accordance with the terms thereof, without further order of this Court, provided that any such modification, amendment or supplement does not have a material adverse effect on the Debtor's estate or on the rights of any of the parties to the Insiders Settlement or the Committee Settlement.

43.     The failure to specifically include any particular provision of the APA in this Order shall not diminish or impair the efficacy of such provision, it being the intent of this Court that the APA and each and every provision, term and condition thereof be authorized and approved in their entirety.

44.     For purposes of and as used in this Order, the following exceptions are hereby expressly noted:

    (a) term "Assets" shall be deemed not to include the following: (i) the lease
        agreements of the Insider Lessors pursuant to which the Debtor, as tenant, leased
        the Insider Properties (collectively, the "Insider Leases"), which Insider Leases
        were deemed rejected by operation of law pursuant to 11 U.S.C. § 365(d)(4) prior

(Page 34)
Debtor:           MARCAL PAPER MILLS, INC.
Case No:          06-21886 (MS)
Caption of Order: ORDER PURSUANT TO SECTIONS 105, 363 AND 365 OF THE
                  BANKRUPTCY CODE AUTHORIZING (I) SALE OF CERTAIN
                  ASSETS OF THE DEBTOR FREE AND CLEAR OF ALL LIENS,
                  CLAIMS AND ENCUMBRANCES PURSUANT TO A PURCHASE
                  AGREEMENT AND (II) APPROVING THE PURCHASE
                  AGREEMENT

to the entry of this Order, and which Insider Leases are a subject of the Insiders

Settlement; (ii) the ingress and egress to that certain non-residential real property

owned by the Debtor located at 41 Slater Drive, Elmwood Park, New Jersey that

is across a portion of the 35 Market Property and the Green Acre Property (the

"JVC Property Access"), which JVC Property Access is a subject of the Insiders

Settlement; (iii) the Debtor's use prior to the entry of this Order in its packaging

and trade dress for certain of its consumer products under the Marcal® and

Sunrise® brands of the "Marcalus Family," "fourth generation family business,"

"Nicholas Marcalus" and Nicholas Marcalus' signature (collectively, the

"Marcalus Family Branding"), which Marcalus Family Branding is a subject of

the Insiders Settlement; and (iv) the 465 Boulevard Subleases;

(b) the term "Liens and Claims" shall be deemed not to include the following: (i) the

JVC Property Access, (ii) the Marcalus Family Branding, and (iii) the Insiders

Settlement;

(c) the term "Real Property Leases" shall be deemed not to include the following: (i)

the Insider Leases, (ii) the JVC Property Access, and (iii) the 465 Boulevard

Subleases;

(Page 35)
Debtor:              MARCAL PAPER MILLS, INC.
Case No:             06-21886 (MS)
Caption of Order:    ORDER PURSUANT TO SECTIONS 105, 363 AND 365 OF THE
                     BANKRUPTCY CODE AUTHORIZING (I) SALE OF CERTAIN
                     ASSETS OF THE DEBTOR FREE AND CLEAR OF ALL LIENS,
                     CLAIMS AND ENCUMBRANCES PURSUANT TO A PURCHASE
                     AGREEMENT AND (II) APPROVING THE PURCHASE
                     AGREEMENT

---

(d) the terms "Personal Property" and "Intellectual Property" shall be deemed not to include the Marcalus Family Branding;

(e) the terms "Section 365 Contracts," the "Assigned Contracts," the "Previously Unidentified Contracts" and "Additional Assigned Contracts" shall be deemed not to include the following: (i) the Insider Leases, (ii) the JVC Property Access, (iii) the Marcalus Family Branding, and (iv) the 465 Boulevard Subleases.

(f) the phrase "free and clear" shall be, in each instance, subject to the terms of the Insiders Settlement.

45.     The provisions of this Order are non-severable and mutually dependent.

46.     This Order constitutes a final and appealable order within the meaning of 28 U.S.C. § 158(a). Notwithstanding Bankruptcy Rules 6004(h) and 6006(d), and to any extent necessary under Bankruptcy Rule 9014 and Rule 54(b) of the Federal Rules of Civil Procedure, as made applicable by Bankruptcy Rule 7054, the Court expressly finds that there is no just reason for delay in the implementation of this Order. In the event that all conditions precedent to closing have been met or waived under the APA, the Debtor and the Buyer are hereby authorized to consummate the Contemplated Transactions as well as the transactions set forth herein upon entry of this Order or as soon as reasonably possible thereafter.

(Page 36)

| | |
|---|---|
| Debtor: | MARCAL PAPER MILLS, INC. |
| Case No: | 06-21886 (MS) |
| Caption of Order: | ORDER PURSUANT TO SECTIONS 105, 363 AND 365 OF THE BANKRUPTCY CODE AUTHORIZING (I) SALE OF CERTAIN ASSETS OF THE DEBTOR FREE AND CLEAR OF ALL LIENS, CLAIMS AND ENCUMBRANCES PURSUANT TO A PURCHASE AGREEMENT AND (II) APPROVING THE PURCHASE AGREEMENT |

---

47.    This Order shall be deemed entered concurrently with the execution of the Insiders Settlement and the entry of the Order approving the Insiders Settlement, the effectiveness of each being deemed contingent upon the other.

48.    Upon entry of this Order and the Order approving the Insiders Settlement, the Debtor's Motion for an Order Fixing Period by Which the Debtor and/or the Purchaser Must Surrender Non-Residential Real Properties Subject to Insider Leases to Effectuate Orderly Transition of Debtor's Operations [Docket No. 1495] and the Cross-Motion thereto by the Insider Lessors [Docket No. 1539] shall be, and hereby are, deemed withdrawn.

49.    Upon entry of this Order, the Motion of the Official Committee of Unsecured Creditors for Authority to Prosecute Certain Claims of the Debtor's Estate, filed on January 9, 2008 [Docket No. 1534] and the related Application of the Official Committee of Unsecured Creditors for Authority to File Exhibit to Standing Motion Under Seal, filed on January 9, 2008 [Docket No. 1536] shall be, and hereby are, deemed withdrawn.

50.    Notwithstanding anything herein to the contrary, nothing in this order shall supersede the Settlements and in the event of any conflict between the terms of this Order and either the Committee Settlement or the Insider Settlement, the terms of the Settlements shall govern and control.

(Page 37)

| | |
|---|---|
| Debtor: | MARCAL PAPER MILLS, INC. |
| Case No: | 06-21886 (MS) |
| Caption of Order: | ORDER PURSUANT TO SECTIONS 105, 363 AND 365 OF THE BANKRUPTCY CODE AUTHORIZING (I) SALE OF CERTAIN ASSETS OF THE DEBTOR FREE AND CLEAR OF ALL LIENS, CLAIMS AND ENCUMBRANCES PURSUANT TO A PURCHASE AGREEMENT AND (II) APPROVING THE PURCHASE AGREEMENT |

was, in lieu of the Court ruling on same, withdrawn as an objection to

51.    The ORIX Limited Objection ~~is overruled to the extent that ORIX objects to~~ (a) the terms of the APA, (b) the consummation of the Contemplated Transactions or (c) the transactions set forth and approved in this Order.  However, notwithstanding any other provision of this Order, the Court makes no ruling on the validity of the claims asserted by ORIX against NexBank and the Lenders under the Loan and Security Agreement nor the defenses raised by NexBank with respect to the same.  Based on the agreement between ORIX and NexBank, as approved by the Court,  the following rights, claims and defenses are fully preserved: (i) all rights, claims and remedies that ORIX may have against NexBank and the Lenders under the Second Lien Loan Agreement with respect to the transactions set forth in the APA and this Order; and (ii) all rights, claims and defenses of NexBank and the Lenders under the Loan and Security Agreement with respect to any claims asserted by ORIX.

52.    A true copy of this Order (exclusive of exhibits) shall be served on all parties-in interest by regular, first class mail within seven (7) days of the date hereof.