Order Filed on
**11/22/2010**
by Clerk U.S. Bankruptcy
Court District of New Jersey

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| In re:<br><br>MARCAL PAPER MILLS, INC.,<br><br>Debtor. | Case No.: 06-21886<br><br>Hon. Morris Stern, U.S.B.J.<br><br>Chapter 11 |

**STIPULATION AND CONSENT ORDER PROVIDING FOR FURTHER ACCESS BY THE LIQUIDATING TRUSTEE TO BUSINESS RECORDS AND AUTHORIZING ULTIMATE DISPOSITION AND DISPOSAL OF BUSINESS RECORDS**

The relief set forth on the following pages, numbered two (2) through four (4) is hereby

**ORDERED**.

**DATED: 11/22/2010**

_____
Honorable Morris Stern
United States Bankruptcy Judge

{00641674.DOC}

(Page 2)
Debtor: Marcal Paper Mills, Inc.
Case No: 06-21886 (MS)
Caption of Order: STIPULATION AND CONSENT ORDER PROVIDING FOR FURTHER ACCESS BY THE LIQUIDATING TRUSTEE TO BUSINESS RECORDS AND AUTHORIZING ULTIMATE DISPOSITION AND DISPOSAL OF BUSINESS RECORDS

---

**WHEREAS**, on July 22, 2010, the Court entered an Order (the "July 22, 2010 Order") which, among other things, required the purchaser of substantially all the Debtor's assets, Marcal Paper Mills, LLC and its affiliates (the "Purchaser"), to maintain and continue to provide access to certain business records of the Debtor, including (without limitation) the Preference-Related Records and the Employee-Related Records (as those capitalized terms are defined in the July 22, 2010 Order) (collectively, the "Business Records") to Edward P. Bond, in his capacity as the Liquidating Trustee (the "Liquidating Trustee") of the Marcal Paper Mills Claims Trust, on the terms provided in that Order; and

**WHEREAS**, the July 22, 2010 Order provided that the Liquidating Trustee would have until November 1, 2010 to finalize his position with respect to his need to further preserve any Business Records and advise the Court as to whether and how much additional access to the Business Records would be necessary; and

**WHEREAS**, on November 1, 2010, the Liquidating Trustee advised the Court and the relevant parties of the necessity for further preservation of, and access to, the Business Records in connection with his continuing prosecution of the adversary proceedings in this matter (the "November 1, 2010 Letter"); and

**WHEREAS**, on November 3, 2010, the Purchaser filed an Objection to the November 1, 2010 Letter; and

**WHEREAS**, the parties hereto have agreed to resolve the Objection on the terms set forth in this Stipulation and Order;

{00641674.DOC}

*Approved by Judge Morris Stern November 22, 2010*

(Page 3)
Debtor: Marcal Paper Mills, Inc.
Case No: 06-21886 (MS)
Caption of Order: STIPULATION AND CONSENT ORDER PROVIDING FOR FURTHER ACCESS BY THE LIQUIDATING TRUSTEE TO BUSINESS RECORDS AND AUTHORIZING ULTIMATE DISPOSITION AND DISPOSAL OF BUSINESS RECORDS

**IT IS HEREBY STIPULATED AND AGREED** by the parties hereto, through their authorized counsel and/or representatives, as follows:

1. The Purchaser will maintain and continue to provide access to the Business Records to the Liquidating Trustee and his representatives, employees or retained professionals, in the same conference room or equivalent or as otherwise may be agreed upon by the parties, through and including December 15, 2010.

2. The Liquidating Trustee may remove and take temporary possession of any such Business Records (the "Segregated Records"), on or before December 15, 2010, and store the Segregated Records at his sole cost and expense until the conclusion of the related adversary proceedings, or until such other time that the Segregated Records are no longer needed by the Liquidating Trustee, it being understood and agreed that the Purchaser shall have the right to inspect, review and copy the Segregated Records on an as needed basis.

3. At the conclusion of the Liquidating Trustee's review of the Segregated Records, the Liquidating Trustee shall notify the Purchaser's counsel that the Segregated Records are no longer needed and request the Purchaser's direction as to whether the Segregated Records are to be returned to Purchaser or may be destroyed by the Liquidating Trustee (the "Purchaser Notice"). In the event the Liquidating Trustee does not receive a written direction from the Purchaser as to whether to return or destroy the Segregated Records within thirty (30) days of the Purchaser Notice, the Liquidating Trustee may destroy or otherwise dispose of the Segregated Records in his discretion.

{00641674.DOC}

*Approved by Judge Morris Stern November 22, 2010*

(Page 4)
Debtor: Marcal Paper Mills, Inc.
Case No: 06-21886 (MS)
Caption of Order: STIPULATION AND CONSENT ORDER PROVIDING FOR FURTHER ACCESS BY THE LIQUIDATING TRUSTEE TO BUSINESS RECORDS AND AUTHORIZING ULTIMATE DISPOSITION AND DISPOSAL OF BUSINESS RECORDS

4. Notwithstanding any prior agreement or order of this Court, as of December 16, 2010: (a) any rights of the Liquidating Trustee or the bankruptcy estate of Marcal Paper Mills, Inc. to records (including the Business Records) not otherwise designated as Segregated Records (the "Remaining Records") shall be expunged and extinguished in their entirety; and (b) the Purchaser shall be authorized to destroy or otherwise treat the Remaining Records in its sole and absolute discretion without any liability or restriction whatsoever.

5. To the extent of any conflict between the terms hereof and the terms of any prior Order of this Court, the terms of this Order shall control; provided, however, that all such prior agreements and Orders shall otherwise remain in full force and effect.

**SO STIPULATED AND AGREED**

**Dated: November 19, 2010**

| | |
|---|---|
| **SILLS CUMMIS & GROSS P.C.** | **SAIBER LLC** |
| Attorneys for Marcal Paper Mills, LLC | Attorneys for Edward P. Bond, as the Liquidating Trustee |
| /s/Andrew H. Sherman | /s/ Vincent F. Papalia |
| Andrew H. Sherman | Vincent F. Papalia |
| One Riverfront Plaza | 18 Columbia Turnpike, Suite 200 |
| Newark, New Jersey 07102 | Florham Park, New Jersey 07932 |
| Tel: (973) 643-7000 | Tel: (973) 622-3333 |
| Fax: (973) 643-6500 | Fax: (973) 622-3349 |

{00641674.DOC}

*Approved by Judge Morris Stern November 22, 2010*